IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANA LYDELL SMITH, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:12-CV-1203-RJS |
| JUDGE TENA CAMPBELL et al., | District Judge Robert J. Shelby |
| Defendants. | |

Plaintiff, Dana Lydell Smith, an Idaho inmate, filed a civil rights complaint against several defendants located in Utah and several defendants in Idaho. As discussed below, the Court concludes that Smith must pay the filing fee before this case can proceed. The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

The Court is aware that Smith has filed numerous complaints in the United States District Court for the District of Idaho that were dismissed as frivolous or failing to state a claim upon

---

[1] 28 U.S.C.S. § 1915(a) (2012).

[2] *Id.* § 1915 (g).

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

which relief may be granted.[4] As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[5]

Section 1915(g) applies here because (1) Smith was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of § 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed further.

Smith tries to insert this complaint into the exception to § 1915(g)--"unless the prisoner is under imminent danger of serious physical injury"--by alleging problems with his right shoulder and with mental instability. However, these problems involve his conditions of confinement in Idaho and have nothing at all to do with the Utah defendants. Therefore, as to any claims against Utah defendants, Smith does not qualify for the exception. None of the Utah defendants are in a position to rescue him from "imminent danger of serious physical injury." The Utah defendants are thus dismissed unless Smith pays within thirty days the $350 filing fee due this Court.

Without the Utah defendants, the District of Utah would be an incorrect venue.[6] Any remaining Idaho defendants would be properly sued only in the District of Idaho. If this Court does not receive within thirty days the $350 filing fee, it will transfer this case, with its remaining Idaho defendants, to the District of Idaho.[7]

---

[4] *See Smith v. Dist. Court Clerk*, No. 1:08-CV-501-BLW (D. Idaho Feb. 12 2009) (dismissing complaint for failure to state claim upon which relief may be granted and assessing strike); *Smith v. United States Const.*, No. 1:08-CV-307-EJL (D. Idaho Oct. 22, 2008) (same); *Smith v. Idaho*, No. 1:08-CV-219-BLW (D. Idaho June 6, 2008) (dismissing complaint for failure to state claim upon which relief may be granted).

[5] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[6] *See Woodson v. Barlow*, No. CIV-11-1349-D, 2012 U.S. Dist. LEXIS, *5-6 (W.D. Okla. May 10, 2012) (report and recommendation) (citing 28 U.S.C.S. § 1391(b) (2012)).

[7] See 28 U.S.C.S. § 1406(a) (2012) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## ORDER

Smith is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous. And, the claims and defendants he sues in this Court do not make him eligible for the exception to § 1915(g) in this venue. Therefore, Smith is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of any claims regarding Utah-based defendants and transfer of this case to the District of Idaho.

31 January, 2013.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge